IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DORIS NILDA TORRES CRUZ, *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>SIG SAUER INC.,<br><br>**Defendant.** | **CIVIL NO.** 25-1424 (JAG) |

OPINION AND ORDER

GARCIA-GREGORY, D.J.

Pending before the Court is Defendant Sig Sauer Inc.'s ("Defendant") Motion for Summary Judgment. Docket No. 14. Defendant seeks dismissal of Plaintiff Doris Torres Cruz's ("Plaintiff") strict product liability claims under P.R. LAWS ANN. tit. 31, §§ 10806-08; breach of implied warranty of merchantability and breach of express warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq.*; and punitive damages under P.R. LAWS ANN. tit. 31, § 10803. *Id.* Defendant also seeks dismissal of the claims for infliction of emotional distress brought by Plaintiff and her children Leishuannette Custodio Torres, Jesus Custodio Torres, and Andrea Custodio Torres (collectively "Plaintiff-Children") under P.R. LAWS ANN. tit. 31, § 10801. *Id.* at 33. For the following reasons, the Motion for Summary Judgment is hereby **GRANTED**.

STANDARD OF REVIEW

The Court will grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue of material facts and that the moving party is entitled to judgment as a

matter of law. *See* Fed. R. Civ. P. 56(a). Under this standard, a fact is in "genuine" dispute if it could be resolved in favor of either party; and "material" if it potentially impacts the outcome of the case. *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986)).

The movant bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party." *Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000) (quoting *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997)). The non-movant must then demonstrate "through submissions of evidentiary quality . . . that a trial worthy issue persists." *Iverson v. City of Bos.*, 452 F.3d 94, 98 (1st Cir. 2006) (citations omitted).

In evaluating a motion for summary judgment, the Court views the entire record "in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." *Winslow v. Aroostook Cty.*, 736 F.3d 23, 29 (1st Cir. 2013) (quoting *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir. 2000)). The Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Rivera v. MVM, Inc.*, 713 F.3d 132, 134 (1st Cir. 2013) (quoting *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)). The Court, however, cannot make credibility determinations or weigh the evidence, as these are jury functions and not those of a judge. *See Anderson*, 477 U.S. at 255; *García-González v. Puig-Morales*, 761 F.3d 81, 99 (1st Cir. 2014) (citations omitted).

## FINDING OF FACTS

The Court first notes that Plaintiff failed to comply with this Court's Local Rule 56(c). "A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts." Local Rule 56(c). Plaintiff failed to do so. Nor did Plaintiff submit a statement "admit[ting], deny[ing] or qualify[ing] the facts supporting the motion for summary judgment." *Id.* As such, the Court "is free, in the exercise of its sound discretion, to accept [Defendant's] facts as stated [because] the statements contained in [Defendant's] Statement of Uncontested Facts are not properly controverted." *Acevedo-Padilla v. Novartis Ex Lax, Inc.*, 740 F. Supp. 2d 293, 298 (D. P.R. 2010), *rev'd and remanded on other grounds sub nom. Acevedo-Parrilla v. Novartis Ex-Lax, Inc.*, 696 F.3d 128 (1st Cir. 2012) (cleaned up). The Court has only credited facts properly supported by specific and accurate record citations in accordance with Local Rule 56(e). Under this rule, "the court [has] no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." Local Rule 56(e); *see Carreras v. Sajo, Garcia & Partners*, 596 F.3d 25, 31 (1st Cir. 2010). Pursuant to the above, the Court makes the following summary of the facts underlying this case.

Plaintiff is a police officer for the Puerto Rico Police Department ("PRPD") and the mother of Leishuannette Custodio Torres, born in 1995; Jesus Custodio Torres, born in 1998; and Andrea Custodio Torres, born in 2001.[1] Docket Nos. 15 at 1, 3; 33-1; 33-2; 33-3. The PRPD issued Plaintiff a 9MM Sig Hauer P-320 Pistol on February 20, 2020. Docket No. 1 at 3. Plaintiff was injured on September 7, 2021, when her PRPD-issued pistol unintentionally discharged a round into the palm

---

[1] Andrea Custodio Torres reached the age of majority one year after the incident. Docket No. 33-3.

of her right hand. Docket No. 1 at 4; 15-1 at 4, 6. According to the Preliminary Notice of Use of Force Incident (the "Notice"), Plaintiff took the pistol out of her bag and placed the pistol in its holster on the palm of her left hand. Docket No. 15-1 at 6. She then partially removed the pistol from the holster using her right hand until she could see the pistol's serial number. *Id.* As she reinserted the pistol into the holster, the pistol discharged a round, injuring her right hand. *Id.* Plaintiff then sought medical attention and was hospitalized on the same day. *Id.* In addition to the injury to her palm, Plaintiff suffered injury to her finger ligaments and had to get her right middle finger amputated. Docket No. 15-2 at 2.

On October 6, 2021, the PRPD investigated the pistol "to rule out the possibility that the weapon might have a mechanical defect." Docket No. 15-1 at 9. On December 21, 2023, Plaintiff, through her attorney, sent an extrajudicial claim letter ("Claim Letter") to Defendant—exclusively on behalf of Plaintiff Torrez Cruz, not on behalf of her children—presenting a settlement offer. Docket No. 15-2. In this letter, Plaintiff identifies Defendant, discusses the extent of her damages, and claims that Defendant is strictly liable for the damages she suffered "due to the manufacturing and/or defective design of the P-230 pistol." *Id.* It also states that the "letter has the purpose of interrupting any statute of limitations established for this claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and state claims under Articles 1542, 1543, 1544 of the Puerto Rico Civil Code." *Id.* at 1. On August 8, 2025, Plaintiff and her children initiated the instant action.

## ANALYSIS

### I. Statute of Limitations

Defendant argues that the statute of limitations bars Plaintiffs' claims for strict product liability, breach of express and implied warranty of merchantability, and infliction of emotional distress.[2] Docket No. 16. The Court agrees.

Per Article 1204(a) of the 2020 Puerto Rico Civil Code, a cause of action for tort liability prescribes one year after the time the aggrieved party becomes aware of the injury and who caused it. P.R. LAWS ANN. tit. 31, § 9496(a); *Tokyo Marine and Fire Ins. Co., Ltd. v. Perez & Cia., de P.R., Inc.*, 142 F.3d 1, 3-4 (1st Cir. 1998) ("A cause of action under article 1802 [now Article 1536] accrues . . . when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor.") (citation omitted). "Once a plaintiff is made aware of facts sufficient to put her on notice that she has a potential tort claim, she must pursue that claim with reasonable diligence, or risk of being held to have relinquished her right to pursue it later, after the limitation period has run." *Rodriguez-Suris v. Montesinos*, 123 F.3d 10, 16 (1st Cir. 1997) (citation omitted). Thus, "[o]nce a plaintiff is on notice of the injury, the plaintiff *may not wait for his injury to reach its final degree of development* and postpone the running of the period of limitation according to his subjective appraisal and judgment." *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 19 (1st Cir. 2000) (cleaned up) (emphasis added).

---

[2] Claims for infliction of emotional distress and strict product liability are torts under Puerto Rico law. *See Santiago-Ramirez v. Secretary of Dept. of Defense*, 62 F.3d 445, 448 (1st Cir. 1994); *Collazo-Santiago v. Toyota Motor Corp.*, 149 F.3d 23, 25 (1st Cir. 1998); P.R. LAWS ANN. tit. 31, §§ 10801, 10806-08.

The burden of proving a statute of limitations affirmative defense ordinarily lies with the defendant. *Hamdallah v. CPC Carolina PR, LLC*, 91 F.4th 1, 23 (1st Cir. 2024). If, however, a plaintiff brings an action more than a year after their injury, "the burden shifts to that plaintiff to demonstrate one of two things in order to overcome that statute of limitations bar: (1) that they lacked the requisite knowledge at the relevant times, or (2) that they interrupted the prescription period." *Calderón-Amézquita v. Rivera-Cruz*, 158 F.4th 54, 63 (1st Cir. 2025) (cleaned up). Here, Plaintiff filed her Complaint on August 2025, almost 4 years after the date of the incident. Docket No. 1. Thus, she bears the burden of showing that her claims are timely.

**A. Timeliness of MMWA and Strict Product Liability Claims**

Plaintiff's product liability claims are subject to the 1-year statute of limitations under Puerto Rico law. P.R. LAWS ANN. tit. 31, §§ 10801, 10806-08.

Plaintiff also asserts claims for breach of express warranty and breach of implied warranty of merchantability under the MMWA. Docket No. 1 at 9-13. The MMWA "affords consumers a private cause of action for violations of the substantive provisions of the Act and for breach of a written or implied warranty." *Monroe v. Medtroni, Inc.*, 511 F. Supp. 3d 26, 36-37 (D. Mass. 2021) (citation omitted); 15 U.S.C. §§ 2301 *et seq*. However, it does not create a new cause of action for personal injury; rather, it affects the imposition of potential liability in cases of personal injury with its exemptions. *See* 15 U.S.C. § 2311(b)(2); *see also Boelens v. Redman Homes, Inc*., 748 F.2d 1058, 1065-68 (5th Cir. 1984) (explaining that the MMWA's legislative history shows that it does not create a new cause of action for personal injury claims based solely on breach of warranty).

The MMWA itself does not contain an express limitations period. *See Highway Sales, Inc. v. Blue Bird Cop.*, 559 F.3d 782, 789 n.6 (8th Cir. 2009). *See generally* 15 U.S.C. §§ 2301 *et seq*. When a

federal statute does not contain a statute of limitations, "federal courts apply the most closely analogous state-law statute of limitations." *Commc'n Workers of Am., AFL-CIO v. Western Elec. Co., Inc.*, 860 F.2d 1137, 1139 (1st Cir. 1988); *see Quality Cleaning Prods. R.C., Inc., v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 205 (1st Cir. 2015) (same). As such, this Court looks to Puerto Rico law to determine the applicable statute of limitations under the MMWA.

Here, the Court believes that the 1-year prescription period for torts applies to Plaintiff's breach of express and implied warranty claims because Plaintiff is not a party to a contract with Defendant. The Court also believes that Plaintiff's claims stem from the physical injuries she suffered, not from a breach of contract. Therefore, the Court finds that Plaintiff is attempting to bring a personal injury claim under the MMWA. Even assuming *arguendo* that Plaintiff's claims under the MMWA could be considered breach of contract claims, the tort statute of limitations applies to contract claims when, absent a contract provision allocating liability, a party to the contract is injured due to the fault or negligence of the other party. *See Lexington Ins. Co. v. Abarca Warehouses Corp.*, 476 F.2d 44, 46-47 (1st Cir. 1973).

Accordingly, Plaintiff's MMWA and product liability claims are both subject to the 1-year statute of limitations.

Plaintiffs argue that the statute of limitations begins to run when "the plaintiff has knowledge of all the required elements to be able to initiate his or her suit." Docket No. 20 at 7 (citing *García Colón v. García Rinaldi*, 340 F. Supp. 2d 113, 122 (D. P.R. 2004)). Under this reasoning, Plaintiff contends that, because she could not ascertain the reason for the pistol's discharge, she

had not discovered all the elements of her claim.[3] *Id.* at 8. Plaintiffs' citation to *Garcia Colon*, however, is incomplete and misleading. The complete quotation states that "the statute of limitations begins to run at the moment that the plaintiff has knowledge of all the required elements in order to able to initiate his suit, *that is, knowledge of the harm and of who cause the same*." 340 F. Supp. 2d at 122 (emphasis added).[4] Thus, the statute of limitations in this case began once Plaintiffs knew of the injury—i.e. the unintentional discharge of the pistol—and the identity of the potential tortfeasor—i.e. the pistol manufacturer. No more was needed.

Plaintiffs contend they

> could no[t] assess the reasons for the shooting. Defendant very commodiously pretends to assert that it was an easy determination; the gun was made by Sauer, so she should have sued Sauer. However, Doris could not assess the fact that easily. The process of identifying a tortfeasor was not as straightforward as suggested by the Defendant. What if it was the hot weather, or the humidity, or the holster? These were legitimate questions Plaintiff had to answer. She had to confirm what happened.

Docket No. 20 at 8. However, this argument runs counter to the applicable jurisprudence, which provides that Plaintiffs "may not wait for [their] injury to reach its final degree of development and postpone the running of the period of limitation according to [their] subjective appraisal and judgment." *Torres*, 219 F.3d at 19. And, as the First Circuit has warned, plaintiffs must pursue their

---

[3] While Plaintiffs argue the statute of limitations did not begin to run on the date of the injury, they have failed to put forth an alternative accrual date.

[4] Plaintiff argues, citing *Cintrón v. E.L.A.*, 127 D.P.R. 582, 593 (1990), that identifying the type of damage suffered is necessary to determine when the prescription period begins to run. Docket No. 20 at 6. Plaintiff misconstrues *Cintrón*. *Cintrón* relates to tolling an action, not the date of accrual, establishing that there "should be certain identity between the action instituted and the action tolled." 127 D.P.R. at 593. Thus, this argument fails.

claims with reasonable diligence once they are made aware of the injury and the likely identity of the tortfeasor. *Tokyo Marine and Fire Ins. Co., Ltd.*, 142 F.3d at 3-4; *Rodriguez-Suris*, 123 F.3d at 16.

Here, it is undisputed that Plaintiff knew she suffered an injury when the pistol unintentionally discharged on September 7, 2021. Docket Nos. 1 at 4; 15-1 at 4, 6. At that point, Plaintiffs' duty to pursue any potential claims with reasonable diligence was triggered, meaning that Plaintiffs had to exercise due diligence to investigate whether they had a valid cause of action. It is also undisputed that, on that day, Plaintiff knew the pistol was manufactured by Defendant and, thus, knew the identity of the potential tortfeasor. She was issued the pistol more than a year before the incident occurred, making it reasonable to assume she was familiarized with her service weapon. Docket Nos. 1 at 3; 15-1 at 1, 4, 6. Moreover, Plaintiff admits that she was aware of the PRPD's Notice, which identified the pistol as a Sig Sauer P-320 Pistol on multiple occasions. Docket No. 1. But most importantly, Plaintiff sent Defendant an extrajudicial letter on December 21, 2023. Docket No. 15-2. The letter specifically states that it "has the purpose of interrupting any statute of limitations established under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq*., and state [law] claims under Articles 1542, 1543 and 1544 of the Puerto Rico Civil Code." Docket No. 15-2 at 1. It also states

> Under the state of [l]aw and case law in Puerto Rico and the case law for the United States Federal court and the First Circuit, the Sig Sauer, Inc. is strictly liable for the damages suffered by Agent Torres due to the manufacturing and/or defective design of the P-320 pistol that was delivered for consideration to the Puerto Rico Police Bureau knowing that such model had been recalled and many cases have been filed for the same reason and situation of involuntary discharge.

*Id.* at 2. Therefore, by December 21, 2023, at the latest, Plaintiffs were aware of the injury, the likely tortfeasor, and their potential causes of action. However, Plaintiffs inexplicably waited almost two more years before filing the Complaint in this case.

Plaintiff's second argument is that the exception to the rule of notice interrupted the running of the statute of limitations. Docket No. 20 at 8. This exception interrupts the prescription period when "a plaintiff's suspicions that she may have been the victim of a tort are assuaged by assurances made by the person who caused the injury." *Rodriguez-Suris*, 123 F.3d at 16 (citation omitted). *See, e.g.*, *Colon Prieto v. Geigel*, 15 P.R. Offic. Trans. 313, 329-20 (1993) (determining that plaintiff would not have known of his injury or its cause due to his doctor's assurances); *Villarini-Garcia v. Hosp. Del Maestro, Inc.*, 8 F.3d 81, 85-86 (D. P.R. 1993) (noting that plaintiff was assured by her doctor that "the removal of the muscle tissue had been proper and that the pain was normal and would eventually end."). Here, Plaintiffs posit that assertions Defendant made before the incident "expressly warranting that the weapon could not fire without a trigger pull" assuaged Plaintiff's suspicions that she may have been a tort victim. Docket No. 20 at 8. However, the Court cannot find that Defendant's representations *before* the injury, which were not made in connection with the instant action, were made to assuage Plaintiffs' suspicions of being potential tort victims. And there is no evidence that Defendant made assurances to Plaintiff *after* the date of the incident with the purpose of assuaging her suspicion of being a tort victim.

Moreover, "[w]here facts sufficient to support every element of a claim relating to an injury are apparent to a plaintiff at an earlier time, it will not be reasonable for the plaintiff to rely on assurances of a tortfeasor and fail to pursue the claim." *Rodriguez-Suris*, 123 F.3d at 17 (citation omitted). Here, Plaintiff brought strict product liability claims. Docket No. 1 at 2. Under Puerto Rico law, "a manufacturer is strictly liable in tort when an article he places on the market proves

to have a defect that causes injury to a human being." *Ayala v. Kia Motor Corp.*, 633 F. Supp. 3d 555, 568 (D. P.R. 2022) (quoting *Rivera-Santana v. Superior Pkg., Inc.*, 132 P.R. Dec. 115 (1992)) (cleaned up). In the case at hand, Defendant is a manufacturer that put their product—the pistol—into the market while advertising it as safe and this product then injured Plaintiff. Therefore, the Court finds that there were sufficient facts apparent to Plaintiff to support every element of a potential strict product liability claim from the date of the incident or, at the latest, from the date of the Claim Letter. *See supra* at 7-8.

Plaintiff has also failed to show she interrupted the prescription period. Interruption of the prescription period occurs in one of three ways: "(a) by the institution of an action before the courts; (b) by extrajudicial claim of the creditor; and (c) by any act of acknowledgment of the debt by the debtor." *Calderón-Amézquita*, 158 F.4th at 63-64 (cleaned up); P.R. LAWS ANN. tit. 31, § 9490. Three requirements are needed for tolling through an extrajudicial claim: (1) that it be made by the holder of the substantive right or his counsel; (2) that it be addressed to the defendant, not to a third party; and (3) that it demand the same conduct or relief sought in the subsequent suit. *Morgan Vega v. Cruz Burgos*, 537 F.3d 14, 21 (1st Cir. 2008) (citations omitted).

In the case at hand, Plaintiff's Claim Letter constitutes an extrajudicial claim, but it did not interrupt the prescription period. Plaintiff—the substantive holder of the rights—sent a Claim Letter to Defendant through her counsel on December 21, 2023. Docket No. 15-2.[5] The Claim Letter is addressed to Defendant and alleges the same claims she ultimately brought in her

---

[5] Notably, the Claim Letter did not assert any claims by Plaintiff-Children. Therefore, the Claim Letter does not constitute an extrajudicial claim on their behalf.

Complaint.[6] *Id.* It explicitly states that it sought to interrupt the statute of limitations. Docket No. 15-2 at 1. Plaintiff, however, sent the Claim Letter more than a year after the date of the incident and, thus, the case was already time-barred by the time she sent the Claim Letter. *Id.* Therefore, having known of her injury and Defendant's identity since the day of the incident, *supra* at 7-9, Plaintiff's extrajudicial claim was untimely. Even assuming *arguendo* that the Claim Letter tolled the prescription period, Plaintiff nevertheless filed her Complaint almost two years after she asserted her extrajudicial claim.

The Court also finds that Plaintiff has not demonstrated that equitable tolling applies to the case at hand. Equitable tolling is available "when certain 'extraordinary circumstances' beyond the party's control cause them to miss the deadline." *Calderón-Amézquita*, 158 F.4th at 64 (citing *In re F. Oversight and Mgmt. Bd. for P.R.*, 54 F.4th 42, 58 (1st Cir. 2022)). Such extraordinary circumstances occur when "damage [is] willfully and wrongfully . . . concealed by the author of the same." *Benitez-Pons v. Puerto Rico*, 136 F.3d 54, 61 (1st Cir. 1998) (cleaned up). However, equitable tolling is "the exception rather than the rule." *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001). Given that Plaintiff has not demonstrated, or even argued, any extraordinary circumstances nor has she shown that Defendant willfully and wrongfully concealed Plaintiff's damages, the Court finds that equitable tolling is inapplicable here.

Thus, because the Court finds that Plaintiff's MMWA and strict product liability claims are time-barred, these claims are hereby **DISMISSED WITH PREJUDICE**.

---

[6] Plaintiff's Complaint asserts the same claims included in her Claim Letter, but the Complaint also includes claims of infliction of emotional distress as to herself and her children. *Compare* Docket No. 1 at 13-14, *with* Docket No. 15-2.

**B. Infliction of Emotional Distress**

Plaintiff, alongside her children, also brought claims for infliction of emotional distress under Puerto Rico law. Docket No. 1 at 13-14.

For the same reasons stated above, *supra* at I.A., the infliction of emotional distress claims asserted by Plaintiff-Children are time-barred and, thus, must be **DISMISSED WITH PREJUDICE**.

As to co-Plaintiff Andrea Custodio Torres, she had not reached the age of majority at the time of the incident. P.R. LAWS ANN. TIT. 31, § 5591 (providing that the age of majority is 21 years of age). Docket No. 33-3. She reached the age of 21 on January 2022, a year after the incident at issue here. Pursuant to Puerto Rico law, the statute of limitations does not begin to run until the plaintiff reaches the age of majority. P.R. LAWS ANN. TIT. 31, § 9490-92. Therefore, the prescription period for Andrea Custodio Torres's claims began to run on January 23, 2022. Because the Complaint was filed more than 3 years after she reached the age of majority, her claims are also time-barred.

Therefore, the Court finds that Plaintiffs' infliction of emotional distress claims are untimely.[7] Thus, these claims are also **DISMISSED WITH PREJUDICE**.

## CONCLUSION

Pursuant to this Opinion and Order, all claims are hereby **DISMISSED WITH PREJUDICE** as time-barred. Judgment shall be entered accordingly.

---

[7] Even assuming *arguendo* that Plaintiff's extrajudicial claim letter had been successful in interrupting her strict product liability claim, the Claim Letter did not bring forth claims for infliction of emotional distress. Docket No. 15-2. Moreover, the Claim Letter did not make any claims on behalf of Plaintiff-Children. *Id.*

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Friday, September 25, 2026.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge